**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**



United States of America

v.

**Julio Fidel Ponce-Ayon**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

No. 07-10745-001M

Matthew Johnson (AFPD)
Attorney for Defendant

USM#: 73150-208    DOB: 1982    ICE#: A88 361 487

**THE DEFENDANT ENTERED A PLEA OF** guilty on 11/9/2007 to Count TWO of the Complaint.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18 USC 3 and Title 8 USC 1325 Accessory After the Fact in Illegal Entry, a petty offense, as charged in Count TWO of the Complaint.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby placed on probation for a term of ONE (1) YEAR on Count TWO.

**IT IS FURTHER ORDERED THAT** Count One of the Complaint is dismissed.

**CRIMINAL MONETARY PENALTIES**

The defendant shall pay to the Clerk, U.S. District Court, Attn: Finance, Finance, 880 Front Street, San Diego, California 92101, the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** REMITTED    **FINE:** None    **RESTITUTION:** None

The total special assessment of Remitted shall be paid pursuant to Title 18, United States Code, Section 3013 for Count TWO of the Complaint.

All monetary penalties are due immediately or in regular monthly installments. If incarcerated, payments shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. Any unpaid balance shall become a condition of supervision and shall be paid within prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address.

The Court hereby waives the imposition of interest and penalties on any unpaid balances.

11/9/07 12:26pm

Case 5:07-po-10745-JRI   Document 1   Filed 11/09/2007   Page 2 of 7

07-10745-001M                                                                    Page 2 of 3
USA vs. Julio Fidel Ponce-Ayon

## CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions of supervision adopted by this Court in General Order 05-36:

1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9) You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical practitioner. Possession of controlled substances will result in mandatory revocation of your term of supervision.
10) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
11) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
12) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
15) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon. If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition. Possession of a firearm will result in mandatory revocation of your term of supervision. This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.
17) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and thereafter at least two, but no more than two periodic substance abuse tests per year of supervision, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);
18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.
19) You shall pay any monetary penalties as ordered by the Court. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.
20) If you have ever been convicted of any qualifying federal or military offense (including any federal felony) listed under 42 U.S.C. § 14135a(d)(1) or 10 U.S.C. § 1565(d), you shall cooperate in the collection of DNA as directed by the probation officer pursuant to 42 U.S.C. § 14135a(a)(2).

Case 5:07-po-10745-JRI    Document 1    Filed 11/09/2007    Page 3 of 7

07-10745-001M                                                        Page 3 of 3
USA vs. Julio Fidel Ponce-Ayon

The defendant shall also comply with the following special conditions:

1. The defendant shall maintain full-time employment and/or schooling as directed by the probation officer.

2. You are prohibited from owning, maintaining or using a firearm.

3. You shall report all vehicles owned, operated, or in which you have an interest to the probation officer.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervise release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment to the United States Marshal of this district.

Date of Imposition of Sentence: **Friday, November 9, 2007**

_____    Date  November 9, 2007
PETER C. LEWIS, United States Magistrate Judge

**RETURN**

I have executed this Judgment as follows:_____

Defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____    By:_____
United States Marshal                               Deputy Marshal
07-10745-001M -

UNITED STATES DISTRICT COURT                                              MAGISTRATE JUDGE'S MINUTES
SOUTHERN DISTRICT OF CALIFORNIA - Yuma

DATE: 11/9/2007            CASE NUMBER: 07-10745-001M-SD

## PLEA/SENTENCING MINUTES

USA vs. Julio Fidel Ponce-Ayon

U.S. MAGISTRATE JUDGE: PETER C. LEWIS  Judge #: 74BQ
U.S. Attorney _____  INTERPRETER REQ'D _____
                                                LANGUAGE: English
Attorney for Defendant Matthew Johnson (AFPD)

DEFENDANT: ☒ PRESENT  ☐ NOT PRESENT  ☐ RELEASED  ☐ CUSTODY

DOA 11/8/07            ☒ Complaint Filed              ☒ Appointment of counsel hearing held
☒ Financial Afdvt taken  ☐ No Financial Afdvt taken  ☐ Financial Afdvt sealed
☒ Initial Appearance

**DETENTION HEARING:**  ☐ Held  ☐ Cont'd  ☐ Reset  ☐ UA
Set for:  before:
☐ Defendant ordered temporarily detained in the custody of the United States Marshal
☐ Defendant ordered released (see order setting cond of rel)  ☐ Bail set at $_____
☐ Defendant continued detained pending trial  ☐ Flight Risk  ☐ Danger

**PLEA HEARING:**  ☒ Held  ☐ Cont'd  ☐ Reset
Set for:  before:
☒ Consent to be tried by a Magistrate Judge signed  ☒ Class A Misd  ☐ Class B Misd  ☐ Class C Misd
☐ Consent of Defendant  ☐ Information filed _____  ☐ Complaint filed _____
☒ Defendant sworn and examined by the Court  ☒ Plea of Guilty  ☐ Not Guilty  ☒ Entered to Counts TWO
☐ Defendant states true name to be _____. Further proceedings ORDERED in defendant's true name.
☒ Plea of Guilty entered as to Ct(s) TWO of the ☐ Information ☐ Indictment ☒ Complaint
☒ Court recommends/or accepts defendant's plea and finds plea to be freely and voluntarily given.
☐ Plea agreement: ☐ Lodged ☐ Filed ☐ Sealed
☐ Court does not accept defendant's plea of guilty because _____
☐ PSI ORDERED  ☐ EXPEDITED  ☒ PSI waived  ☐ Time waived for passage of sentence
☐ Continued for sentence to __ before _____
☒ To be dismissed upon entry of the judgment, Ct(s) ONE
☒ ORDER vacate trial date/motion hearing/mtns moot
☐ ORDER defendant remain released pending sentence  ☐ remanded to USM

**SENTENCING:**
☐ Defendant committed to Bureau of Prisons for a period of ___  ☒ Probation for 1 YEAR
☒ Special Assessment $ REMITTED  ☐ Fine $_____  ☐ Restitution $_____
Other: _____

RECORDED: CS (12 min)
BY: Angela J. Tuohy, Deputy Clerk

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
Julio Fidel PONCE-Ayon
YOB: 1982
A88 361 487
United States Citizen

CRIMINAL COMPLAINT

CASE NUMBER: 07-10745M-SD

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

### COUNT I

That on or about November 8, 2007, within the Southern District of California, Defendant, Julio Fidel PONCE-Ayon, knowing or in reckless disregard of the fact that a certain alien, namely, AGUILAR-Gayardo, Nalida, had come to, entered, or remained in the United States in violation of law, did transport or move or attempt to transport or move said alien in furtherance of such violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii)(Felony).

### COUNT II

That on or about November 8, 2007, within the Southern District of California, Defendant Julio Fidel PONCE-Ayon did knowingly and willfully aid, abet, and assist the above-named person who was in the United States in violation of law and that an offense had been committed against the United States, did receive or assist the offender in order to hinder or prevent her apprehension; in violation of Title 18, United States Code, Section 3 and Title 8, United States Code, Section 1325 (Misdemeanor).

Continued on the attached sheet and made a part hereof.   ☒ Yes  ☐ No

_____
Signature of Complainant
Nicholas Kingston
Senior Patrol Agent

Sworn to before me and subscribed in my presence,

November 9, 2007                                at         Yuma, Arizona
Date                                                      City and State

Peter C. Lewis, U.S. Magistrate
Name & Title of Judicial Officer                  Signature of Judicial Officer

## STATEMENT OF FACTUAL BASIS

Defendant:                Julio Fidel PONCE-Ayon

**IMMIGRATION HISTORY:**    The Defendant is a United States citizen.

**CRIMINAL HISTORY:**       None Found

Narrative:    On November 8th, 2007 at approximately 2000 hours Agent Wilson responded to the activation of a seismic device located near the Andrade, California Port of Entry. At that time a California National Guard site in the area reported seeing two individuals in the brush at that location. Soon after, the National Guard site reported that a female had run from the brush line and had entered into a small red pickup (later identified as a red 1991 Mazda pickup truck, Arizona license plate # 7W86600). At that time the National Guard site reported that the other individual returned to Mexico.

At approximately 2020 hours, Agent Wilson approached the red pickup to investigate. The pickup contained two individuals, the driver (later identified as PONCE-Ayon, Julio Fidel) and one female passenger (later identified as AGUILAR-Gayardo, Nalida).

Upon questioning, AGUILAR readily admitted to being a Mexican citizen in the United States illegally. She stated that she met a man in Mexico who told her that he could pass her into the United States. She then stated that the man led her to the side of the Andrade, California Port of Entry and showed her where to climb the U.S.-Mexico International Boundary fence. She stated that they both followed a trail and hid in some bushes. She then stated that a short time later he told her to get into the red pickup parked nearby. When asked if she knew the driver of the vehicle she replied that she did not. When asked if the driver had said anything to her once she was in the vehicle, she stated that he told her that she was to pay $700.

Upon initial questioning PONCE denied any knowledge of the event. He initially claimed that he had met AGUILAR at a club the week before and was simply going to pick her up. Soon after, PONCE changed his statement and said that he wanted to talk. At that time, 2030 hours, PONCE was advised of his criminal rights by BPA G. Diaz. When asked if he understood these rights and was willing to make a statement, he stated that he did understand his rights and was willing to speak with us. Agent Wilson was present and witnessed that advisement and waiver.

Upon questioning, PONCE stated that he drove the red Mazda pickup to the Andrade, California Port of Entry with the intention of picking up AGUILAR-Gayardo, Nalida. He stated that while at a fair in Mexico a man approached him and asked him if he wanted to make some money. When asked who the man

was, PONCE stated that he called him "Noa", and that he thinks his last name is "Quintero". He then stated that he was going to be paid $250 to pick up AGUILAR by the Andrade, California Port of Entry. He also stated that he was to either drive her to Yuma (Arizona), or give her the car keys and let her drive the vehicle. When asked if he knew that AGUILAR had just crossed the U.S.-Mexico International Boundary illegally, PONCE stated that he suspected that she had. When asked why he chose to accept the offer to transport AGUILAR after she had crossed into the United States illegally, PONCE stated that it was "easy money".

Record checks revealed no prior arrests for PONCE-Ayon, Julio Fidel.

Charges:   8 USC§1324                     (Felony)
           18 USC§3/8 USC 1325             (Misdemeanor)

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

_____November 9, 2007_____
Date

_____
Signature of Judicial Officer